KELLY, Circuit Judge,
dissenting.
In my view, the evidence recovered from the truck should have been suppressed because both the extension of the traffic stop and the search of the air compressor violated Murillo-Salgado’s Fourth Amendment rights. If an officer asks questions unrelated to the purpose of a traffic stop that extend the stop’s duration — even briefly — the extension must be supported by reasonable suspicion. Rodriguez, 135 S.Ct. at 1614-15. Here, Allen interspersed routine traffic-stop questions with investigatory questions that had nothing to do with the reason he pulled the truck over. This “blended process” measurably extended the stop:. From the time Allen told Arredondo he would give him a warning to the time Arredondo consented to the search of the truck, more than twenty minutes passed. See Peralez, 526 F.3d at 1121 (concluding that blended questioning prolonged a stop where the officer inter-persed routine and off-topic questions for thirteen minutes after telling the driver he would receive a warning).
The court concludes that the extension of the stop was justified by reasonable suspicion, citing a variety of circumstances that arose over the course of the stop. But the key question is whether Allen had reasonable suspicion before he extended the stop with off-topic questions. See United States v. Hollins, 685 F.3d 703, 706 (8th Cir. 2012) (explaining that the determination of whether “reasonable suspicion ‘existed is not to be made with the vision of hindsight, but instead by looking to what the officer reasonably knew at the time’ ” (quoting United States v. Sanders, 196 F.3d 910, 913 (8th Cir. 1999))). The extension of the stop by off-topic questions occurred — at the latest — by the time Allen left Arredondo in the cruiser and approached Murillo-Salgado. At that point, Allen had been questioning Arredondo for approximately ten minutes, and had asked numerous off-topic questions, including questions about the cost of plane tickets to North Carolina, the wiring job, and whether Arredondo had ever used or transported drugs. During the suppression hearing, Allen identified only two circumstances that he found “suspicious” prior to that point: the fact that the rental agreement transposed Arredondo’s middle and last names, and the fact that the rental agreement was for only five days.[4] See *420 United States v. Horton, 611 F.3d 936, 940 (8th Cir. 2010) (“Th[e reasonable suspicion] standard requires that officers be able to point to specific, articulable facts justifying the seizure.”). But Allen did not explain why those minor irregularities— which Arredondo explained without hesitation — gave rise to a rational inference that Arredondo and Murillo-Salgado were transporting drugs. See United States v. Jones, 269 F.3d 919, 928 (8th Cir. 2001) (concluding that inconsistencies in a driver’s answers to an officer did not support reasonable suspicion because the officer identified no “connection between [the] inconsistent answer ... and suspicion of interstate narcotics trafficking”). Thus, I would hold that the extension of the stop was an unconstitutional seizure.
Even if there was reasonable suspicion to prolong the stop, I do not believe there was probable cause to search the air compressor. The court concludes that probable cause existed because Allen observed fresh paint and jagged welding on the air compressor. But although such circumstances might have given rise to an inference that the air compressor had been repaired or modified, they did not establish “a fair probability” that the air compressor contained contraband. Nor could Allen’s training and experience add to the probable-cause calculus: He never testified that he was trained on the use of air compressors to smuggle narcotics, or that he had ever — in hundreds of drug investigations— found narcotics in an air compressor before. See United States v. Johnson, 171 F.3d 601, 604 (8th Cir. 1999) (determining that a postal inspection officer did not have reasonable suspicion that a package contained contraband . because although he had training and experience, “there was no articulation of how the officer’s experience bore upon his appraisal of the package”). Accordingly, I would hold that the search of the air compressor was unconstitutional. For these reasons, I respectfully dissent.

. Allen offered no testimony suggesting that he found it suspicious that Arredondo first said he and Murillo-Salgado were both electricians, and later said he was a helper and *420 Murillo-Salgado was an electrician. And to the extent Allen suggested that he found the amount of electrical wire in the truck to be suspicious, his testimony establishes that he developed such suspicion only after speaking with Murillo-Salgado, who told him they would be rewiring a 15,000 square-foot mansion.